UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASON BANKS, SR. AND                    CIVIL ACTION
LISA BANKS

VERSUS                                  NO. 08-1091

CITY OF NEW ORLEANS AND ECC             SECTION B(3)
OPERATING SERVICES, INC.

ORDER AND REASONS

Before the Court is Defendant ECC Operating Services, Inc.'s Motion to Dismiss (Rec. Doc. No. 6).  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED.**

*BACKGROUND*

In the aftermath of Hurricane Katrina, the Corps of Engineers awarded Defendant ECC Operating Services, Inc. ["ECCOS"] a contract to assist in debris removal and demolition of certain structures. On September 30, 2006, the Corps issued Task Order 26 pursuant to which ECCOS was to perform testing for asbestos-containing material and perform structural demolition in Orleans Parish, South of I-10 during the period of October 2006 to September 2007.  The general requirements of the Order were as follows:

> A)Part 1:   The Contractor shall provide sufficiently experienced and licensed personnel as well as all necessary materials, supplies, and analysis to perform thorough inspections of privately owned structures to determine the presence\absence of ACM\RACM. The Contractor must coordinate with the

1

Quality Assurance Contractor prior to beginning sampling. Task orders will specify zones and specific work areas.

B)Part 2: The Contractor shall provide all equipment, operators, and laborers for the decommissioning, demolition and debris removal from privately-owned structures located in Orleans Parish. Task orders will specify zones and specific work areas.

Additionally, with respect to demolition, the Task Order provided the following: "The [Contracting Officer Representative] will provide the contractor with a list of structures to be demolished...and approved disposal sites." Further, it stated that "[p]rior to demolition of each structure, the Contractor shall complete the pre-demolition checklist. A photograph and GPS coordinates of each structure to be demolished shall be included on the checklist. A Contracting Officer Representative...shall approve each checklist prior to the Contractor beginning demolition."

Plaintiffs owned property located at 2311 Tricou Street in New Orleans, Louisiana. Plaintiffs' property sustained damage as a result of Hurricane Katrina. After the hurricane, while in the process of cleaning and gutting their home, Plaintiffs signed up for a debris removal program sponsored by the City of New Orleans. As part of the program, they completed a "Right of Entry" form requesting removal of certain debris as well as a yellow building located on their property. In the "Comments" section of the form, Plaintiffs hand-wrote the following:

2

> The debris is in front of house
> between walk and closely or on top
> on my yellow building
> can also Remove yellow building,
> But Not My house

The "Right of Entry" form also contained the following "hold harmless" provision:

> The Owner recognizes that 42 USC § 5148 states: "The Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter."   The Owner further releases and agrees to hold and save harmless the US Government, the US Army Corps of Engineers, FEMA, the State of Louisiana, City of New Orleans, and any of their employees, agents, contractors, subcontractors and/or representatives from any and all liability, damage, personal injury, or loss whatsoever.

Plaintiffs allege that in the summer of 2007, as part of the debris removal program, ECCOS entered their property and demolished their house without their knowledge or approval and in contradiction to the directions stated on their "Right of Entry" form quoted above.  Plaintiffs filed suit in state court against ECCOS as well as the City of New Orleans for wrongful demolition of their property.  Defendants removed the suit on February 21, 2008. Defendant ECCOS has now filed this Motion to Dismiss.

Defendant claims that it was acting as a government contractor at the time of the demolition and that it is, therefore, immune from suit.  Specifically, Defendant contends that the three factors

3

set out in *Boyle v. United Tech. Corp.*, 487 U.S. 500, 512 (1988) to establish government contractor immunity are met in this case: (1) the government approved reasonably precise specifications in that it only retained ECCOS for the limited purpose of asbestos inspection and demolition of designated structures, (2) there is no evidence that ECCOS's performance did not conform with the government's specifications, and (3) there is no evidence of any dangers about which ECCOS had actual knowledge.   Additionally, Defendant contends that in light of the "hold harmless" clause found in Plaintiffs' "Right of Entry" form, Plaintiffs have waived any potential claims against Defendant.

Plaintiffs contend that factual issues remain as to whether the demolition of Plaintiffs' home was due to the fault of the Army Corps or some independent fault of ECCOS.   In the alternative, Plaintiffs contend that the Court should dismiss Defendant's Motion as premature so that Plaintiffs may obtain additional discovery regarding the nature and extent of ECCOS's involvement in the demolition.

## *DISCUSSION*

**A.   Legal Standard**

Defendant moves to dismiss Plaintiffs' suit for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1) on the grounds that Defendant was a government contractor during the events alleged in the Complaint.   This claim of a lack of subject matter jurisdiction is essentially a challenge to the

4

existence of a cause of action on the part of the Plaintiffs. "In circumstances where 'the defendant's challenge to the court's jurisdiction is also a challenge to the exercise of a federal cause of action, the proper course of action for the district court...is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56." *Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004)(quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981). In the present case, both Plaintiffs and Defendant have submitted exhibits outside the pleadings. Thus, the Court will treat Defendant's Motion as a Motion for Summary Judgment pursuant to Fed. R. Civ. Pro. 56.

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998).

The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.   Government Contractor Defense**

Federal agencies are authorized by the Stafford Act to remove debris or wreckage from publicly or privately owned land or waters. 42 U.S.C. § 5173.   The Stafford Act also provides that the government "shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government...."   42 U.S.C. § 5148. Government decisions regarding when, where, and how to remove debris after a major disaster fall within the discretionary function exception of the Stafford Act. *United States v. City of New Orleans*, 2003 WL 22208578 ( E.D. La. 2003).

The governmental immunity provided by the Stafford Act's discretionary function exception may be extended to government contractors.   Specifically, a government contractor is immune from suit if three factors are met: (1) the government approved reasonably precise specifications; (2) the contractor's performance conformed with those specifications; and (3) the contractor warned the government about the dangers of reliance on those procedures

that were known to the contractor.  *Boyle v. United Tech. Corp.*, 487 U.S. 500, 512 (1988); *In re Katrina Canal Breaches Consol. Litig.*, 2007 WL 4219351, *5 (E.D. La. 2007).  If, however, the contractor acts independently of precise government directions and approvals, the defense does not apply.  *In re World Trade Center Disaster Site Litig.*, 456 F. Supp. 2d 520, 562 (S.D.N.Y. 2006); *Trevino v. Gen. Dynamics Corp.*, 865 F.2d 1474, 1480 (5th Cir. 1989).

In the present case, Defendant claims that all three prongs of the *Boyle* test are met and that it is, therefore, immune from suit. First, the  government approved reasonably precise specifications in that it only retained ECCOS for the limited purpose of asbestos inspection and demolition of designated structures.  Second, there is no evidence that ECCOS's performance did not conform with the government's specifications.  Finally, there is no evidence of any dangers about which ECCOS had actual knowledge.

Plaintiffs contend, on the other hand, that Defendant has failed to show that their home was even included for demolition under Task Order 26.  Additionally, factual issues remain as to whether the demolition of Plaintiffs' home was due to the fault of the Army Corps or some independent fault of ECCOS.

It is clear that under Task Order 26, it was the Corps and not ECCOS that was to make the determination as to whether a structure should be demolished.  Plaintiffs do not dispute the language of Task Order 26.  This document alone, however, does not resolve the

issue of whether Defendant is entitled to the government contractor defense.  The very essence of the defense is to prevent the contractor from being held liable when the government is actually at fault. *Trevino,* 865 F.2d at 1478.  In the present case, there is still a question as to who, if anyone, was actually at fault. The Court must determine what ECCOS's actual role was in the demolition of Plaintiffs' property and specifically whether the Corps instructed ECCOS to demolish Plaintiffs' home following the process set out in the Order or whether ECCOS acted independently of the Corps' instructions and possibly erroneously demolished the home.  A discovery schedule has only recently been set in this case.  Thus, it is premature to dismiss Plaintiffs' suit at this time on the grounds of the government contractor defense.  *See Yager v. Plaze, Inc.*, 1992 WL 316097, *1 (E.D. La. 1992)(denying defendant's motion to dismiss on grounds of government contractor immunity because discovery was ongoing and there was insufficient evidence in the record to establish whether the three *Boyle* factors had been met); *Bardwell v. George Sharp, Inc.*, 1995 WL 386894, *7 (E.D. La. 1995)(denying defendant's motion for summary judgment on grounds of government contractor immunity because questions of fact remained concerning what roles the government and defendant contractor played in the incident).

## C.    Hold Harmless Clause

Defendant contends that in light of the "hold harmless" clause found in Plaintiffs' "Right of Entry" form, Plaintiffs have waived

any claim against Defendant.  The clause, in addition to stating the law regarding discretionary function immunity for government agencies also stated the following: "The Owner further releases and agrees to hold and save harmless the US Government, the US Army Corps of Engineers, FEMA, the State of Louisiana, City of New Orleans, and any of their employees, agents, contractors, subcontractors and/or representatives from any and all liability, damage, personal injury, or loss whatsoever."

In general, "the execution of an unrestricted release, pursuant to a government contract, bars the later assertion of claims against the government....(citations omitted)." *Sunrise Village Mobile Home Park v. United States*, 42 Fed. Cl. 392, 401 (Fed. Cl. 1998).  In deciding whether to enforce a "hold harmless" clause, however, the Court must assess certain factors such as whether there was a great disparity in the parties' bargaining power, whether the plaintiff was given an opportunity for input or negotiation, and whether the plaintiff could have obtained adequate services elsewhere.  *See City of Gettysburg v. United States*, 64 Fed. Cl. 429, 452 (Fed. Cl. 2005).  Additionally, under Louisiana law, "[a]ny clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party."  La. Civ. Code Art. 2004.

In the present case, the Plaintiffs have not submitted any evidence to dispute the language of the "hold harmless" clause or to show duress, etc. at the time they signed the "Right of Entry"

form.  Plaintiffs, however, have submitted an affidavit pursuant to Fed. R. Civ. Pro. 56(f) which states that Plaintiffs intend to obtain additional information through discovery concerning the extent of ECCOS's liability, if any, in acting pursuant to Task Order 26 and demolishing Plaintiff's property.  As noted above, given the basis for Defendant's Motion as well as the submissions by the parties, the Court is treating Defendant's Motion to Dismiss as a Motion for Summary Judgment.  The Court agrees that additional discovery would be beneficial in the determination of the issue concerning the "hold harmless" clause and the level of care exhibited by the Defendant in demolishing Plaintiff's property.  Considering that the case is still in the early stages of discovery, the Court finds that Defendant's Motion to Dismiss is premature at this time.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED.**

New Orleans, Louisiana this 17th day of July, 2008.

UNITED STATES DISTRICT JUDGE